UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-735-RJC
(3:05-cr-227-RJC-DCK-1)

| | |
|---|---|
| AVERY SHANDEL JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255; Alternative Petition for Relief Under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela* (Doc. No. 3); see also (Doc. No. 16) (Petitioner's Supplement to Motion to Vacate Sentence Under 28 U.S.C. § 2255, Asserting Alternative Petition for Relief Under 28 U.S.C. § 2241).

**I.     BACKGROUND**

Petitioner was charged by Superseding Indictment with: Count (1), conspiracy to commit bank robbery (18 U.S.C. § 371); Counts (2) and (3), bank robbery (18 U.S.C. §§ 2113(d) and 2); Count (4) entitled possession and use of a firearm in connection with a crime of violence (18 U.S.C. § 924(c)(1) and 2); Count (5), possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1) and 2); Count (6), possession of a firearm with an obliterated serial number (19 U.S.C. § 922(k)); Count (7), conspiracy to obstruct justice and suborn perjury (18 U.S.C. § 371); and Count (8) obstruction of justice (18 U.S.C. § 1503). (3:05-cr-227, Doc. No. 15). A jury found Petitioner guilty as charged. (Id., Doc. No. 30).

1

The Presentence Investigation Report ("PSR") was calculated under the 2005 U.S. Sentencing Guidelines. (Id., Doc. No. 60). The adjusted offense level for Counts (1)-(3) and (5)-(6) was calculated as 26 for possession of a firearm in connection with the commission of armed bank robbery, which was the higher of the adjusted offense levels. (Id., Doc. No. 60 at ¶¶ 24-55). However, Petitioner was found to qualify as a career offender based on his prior convictions for breaking and/or entering (96CRS3127) and robbery with a dangerous weapon (98CRS915), and he was found to qualify as an armed career criminal based on those priors as well as a conviction breaking and/or entering (96CRS832). (Id., Doc. No. 60 at ¶¶ 56-57). The offense level for those counts was found to be 34. (Id., Doc. No. 60 at ¶¶ 56-57). The career offender guidelines provide that, for multiple counts of conviction per 4B1.1(c)(2), the guideline range is the greater of: (A) the guideline range that results from adding the minimum mandatory consecutive sentence per 924(c) to the minimum and maximum of the otherwise applicable guideline range determined for the count of conviction other than § 924(c), or (B), the range using the table in subsection (c)(3). In this case, the higher range is that set forth in the table in subsection (c)(3), which resulted in a guideline range of 360 months to life. (Id., Doc. No. 60 at ¶ 61). However, because a statutory life sentence was mandated under 18 U.S.C. § 3559 for Count (4), the guideline term of imprisonment was life pursuant to § 5G1.1(c)(2). (Id., Doc. No. 60 at ¶ 62).

The PSR's criminal history section scored nine criminal history points, and two more points were added because Petitioner was under a term of post-release supervision when the instant offense was committed. (Id., Doc. No. 60 at ¶¶ 73-74). One more point was added because the instant offense was committed less than two years after Petitioner's release from custody for robbery with a dangerous weapon. (Id., Doc. No. 60 at ¶ 75). A total of 12 criminal history points scored a criminal history category of V. However, the criminal history category for career

offenders and armed career criminals is VI. (Id., Doc. No. 60 at ¶ 76).

The resulting guideline range was 360 months to life imprisonment. (Id., Doc. No. 60 at ¶ 95). However, because a mandatory consecutive sentence of life imprisonment is required under §§ 924(c)(1)(A)(ii) and 3559(c)(1) for Count (4), the guideline term of imprisonment was life pursuant to 5G1.1(c)(2). (Id., Doc. No. 60 at ¶ 95). The guidelines called for supervised release for at least two years but not more than three years for Counts (1), (2), (6), (7), and (8), and at least three years but not more than five years for Counts (3), (4), and (5). (Id., Doc. No. 60 at ¶ 98).

At the sentencing hearing, the parties agreed that the correct guidelines range was a mandatory life sentence for Count (4) and a sentence between 360 months to life on the remaining counts. (Id., Doc. No. 52 at 3-4). Defense counsel requested a downward departure based on circumstances including Petitioner's young age and diagnoses with serious mental and emotional disabilities. (Id., Doc. No. 39); (Id., Doc. No. 52 at 5). The Court denied the Motion because the life sentence was mandatory under § 3559(c) and there was no discretion. (Id., Doc. No. 52 at 7). The Government argued that Petitioner is a dangerous gang member who recruited young kids for the bank robberies, then tried to cover it up. (Id., Doc. No. 52 at 9). Petitioner addressed the Court and stated that he felt he had been wronged in some way because he did not take part in the actual bank robbery and did not have a fair trial because a lot of people came in and lied on the stand. (Id., Doc. No. 52 at 10-11).

The Court noted that Petitioner received a fair trial including "excellent representation … in a vigorous defense." (Id., Doc. No. 52 at 11). The Court took into account the § 3553(a) factors including Petitioner's young age, his history of mental and emotional disabilities and criminal history, the Court's duty to protect the public from Petitioner's further crimes and the serious circumstances of this case which involved a "very horrific bank robbery in which the defendant

employed juveniles to rob banks – or rob a bank for the purpose of gang admission, with one of those juveniles firing a shot into the ceiling, another assaulting a customer, and Mr. James attempting to orchestrate his defense at trial from prison and further trying to elicit others to engage in obstructive injurious conduct and, … Mr. James himself engaged in perjury at trial." (Id., Doc. No. 52 at12-13).

The Court concluded that, based on Petitioner's prior record, the nature and circumstances of the case, and his status as a career offender, that the life sentence was appropriate:

> [T]he sentence imposed in this case including the mandatory life imprisonment sentence is sufficient but not greater than necessary to accomplish the sentencing object[ives] of Section 3553(a), including promoting respect for the law, affording adequate deterrent, but most importantly, protecting the public from further crimes of the defendant, and the court will attempt in structuring this sentence to provide Mr. James rehabilitation in the most effective manner that the court knows of in terms of recommendations to the Federal Bureau of Prisons, but Mr. James is a career offender under the guidelines and has violated the three strikes statute of 18 United States Code Section 3559. And in addition, he committed the incident offenses, as I said, by soliciting three juveniles to commit the robbery for purposes of entering into a street gang in which Mr. James is an admitted gang member.

(Id., Doc. No. 52 at 12-13).

The Court accordingly adjudicated Petitioner guilty and sentenced him on Counts (1) and (7) to 60 months' imprisonment, concurrent; on Count (2) to 240 months' imprisonment, concurrent; on Count (3) to 300 months' imprisonment, concurrent; on Count (5) to 360 months, concurrent; on Count (6) to 60 months concurrent; on Count (8) to 120 months concurrent; and on Count (4) to life, consecutive, followed by three years of supervised release for Counts (1), (2), (3), (6), (7), and (8), and five years of supervised release for Counts (4) and (5), concurrent. (Id., Doc. No. 40).

Counsel filed a memorandum brief on direct appeal pursuant to Anders v. California, 386

U.S. 738 (1967), conceding the lack of meritorious grounds for appeal but questioning whether Petitioner's life sentence pursuant to § 3559(c) violated the Eighth Amendment's prohibition against cruel and unusual punishment because it did not take into account the circumstances of Petitioner's childhood. The Fourth Circuit found that Petitioner's sentence was not constitutionally disproportionate and reviewed the entire record and found no meritorious issues for appeal. It therefore affirmed Petitioner's convictions and sentence. United States v. James, 276 Fed. Appx. 301 (4th Cir. 2008).

On August 4, 2009, Petitioner filed his first § 2255 Motion to Vacate, case number 3:09-cv-344. The Court denied and dismissed relief on the merits on June 11, 2012. (3:09-cv-344, Doc. No. 39). Petitioner filed a Motion for Reconsideration more than a year later, (Doc. No. 42), and filed a Motion to Amend/Correct nearly four years later, (Doc. No. 51). The Court denied both Motions on August 6, 2019 because "the Court fully and finally adjudicated Petitioner's original and amended § 2255 motions to vacate…." (3:09-cv-344, Doc. No. 55).

Petitioner filed his second § 2255 Motion to Vacate through counsel in the instant case on November 6, 2012, alternatively seeking relief pursuant to § 2241,[1] writ of *audita querela*, and writ of *coram nobis*. (Doc. No. 3). He argues that his enhanced sentences in Counts (4) and (5) must be vacated pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). North Carolina convictions for breaking and entered are not "felonies," and therefore, Petitioner argues that he is actually innocent of the ACCA enhancement under § 924(e), the career offender enhancement under § 4B1.1(a), the base offense level enhancement pursuant to § 2K2.1(a), and the three-strikes enhancement under § 3559(c). He requests vacatur of his entire sentence and a

---

[1] Petitioner voluntarily dismissed the § 2241 aspect of this action without prejudice, (Doc. No. 6), then subsequently reasserted it in his Supplemental Motion, (Doc. No. 16).

5

full resentencing under the sentence package theory. The Government filed a Response on November 18, 2013 conceding that Petitioner is entitled to relief under § 2241 pursuant to Simmons because the North Carolina breaking and entering convictions are not "felonies" for the purposes of enhanced sentencing and that he should be resentenced on Counts (4) and (5).

This case was then stayed pursuant to United States v. Surratt, 14-6851, and United States v. Wheeler, 16-6073. See (Doc. Nos. 21, 26, 31).

After Wheeler was resolved, 886 F.3d 415, 428 (4th Cir. 2018), *cert. denied*, 139 S.Ct. 1318, 203 L.Ed. 2d 600 (2019), the Government filed a Supplemental Response agreeing that Petitioner is entitled to § 2241 relief from his mandatory life sentence in Count (4), but opposing relief on Count (5). The Government argues that the Simmons error in Count (5) is not a fundamental defect because the Court would have imposed the same sentence had it known that Petitioner faced a statutory maximum of 120 months for felon-in-possession, and that Guidelines § 5G1.2(d) required the Court to stack the felon-in-possession and other sentences to achieve a 360-month sentence. (Doc. No. 36). The Government accordingly asks the Court to grant § 2241 relief in part, vacate the § 924(c) sentence in Count (4) and enter an amended judgment of 60 months for that offense, and dismiss the remainder of the § 2241 petition.

In his Reply, Petitioner argues that the sentence on Count (5) is fundamentally defective regardless of the sentence stacking guidelines because it exceeds the statutory maximum, and the existence of a fundamental defect is not affected by the possibility that the Court would have imposed the same aggregate sentence absent the error. Petitioner also argues that the Government cannot rely on the erroneous career offender enhancement which increased the guideline range and could have swayed the judgment. Additional supervised release punishments resulted from the above-maximum sentence and has increased Petitioner's sentencing exposure should he violate

supervised release. Based on the foregoing, Petitioner argues that the Court should grant a full resentencing on all counts because it is within its discretion to do so, and that a full resentencing would be in the interest of judicial economy because it would not have to resolve any other of the contested legal issues in the case. Moreover, the mandatory life sentence made the presentation of mitigating evidence irrelevant, and the Court had no reason to consider a lower sentence on the remaining counts because it believed a life sentence was required by statute. *De novo* resentencing would permit the court to consider mitigating evidence and decide the appropriate sentence under the § 3553(a) factors.

Petitioner has filed a third § 2255 Motion to Vacate on April 7, 2016, that is presently pending before this Court in case number 3:16-cv-222.

## II.    STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Section 2255 allows federal prisoners to challenge the legality of their confinement by petitioning the court where they were sentenced. 28 U.S.C. § 2255(a). However, once a prisoner has filed one unsuccessful § 2255 motion, he may not file another except under very limited circumstances. Before filing a "second or successive" petition, the prisoner must first receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. 28 U.S.C. §

2255(h)(1)-(2). These restrictions are known as the "gatekeeping provisions" of § 2255, and they "don't allow a second petition for new statutory constructions." Lester v. Flournoy, 909 F.3d 708, 710-11 (4th Cir. 2018). Applicability of the savings clause is jurisdictional and cannot be waived. See Wheeler, 886 F.3d at 423.

In limited circumstances, a prisoner otherwise unable to file a second or successive § 2255 petition may instead seek relief under § 2241 pursuant to § 2255's "savings clause" when it appears that § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Section 2255's savings clause provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause permits a prisoner to test not only the legality of a conviction, but also "fundamental sentencing errors." Wheeler, 886 F.3d at 428; citing In re Jones, 226 F.3d at 328 (setting forth the savings clause requirements when a petitioner is challenging the legality of a conviction).

Section 2255 is inadequate and ineffective to test the legality of a sentence under the "savings clause" when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence

8

now presents an error sufficiently grave to be deemed a fundamental defect. 28 U.S.C. § 2255(e); Wheeler, 886 F.3d at 429. The Fourth Circuit has noted with regards to the "fundamental defect" prong of the Wheeler test that "a sentencing error need not result in a sentence that exceeds the statutory limits in order to be a fundamental defect."[2] Id. at 433.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

With regards to Count (4), the Government correctly concedes that Petitioner's attack on his mandatory life sentence qualifies for savings clause review pursuant to § 2241.[3] First, Petitioner's mandatory life sentence was correct under settled law at that time. Second, the settled law substantively changed subsequent to Petitioner's direct appeal and first § 2255 petition and was deemed to apply retroactively to cases on collateral review.[4] Third, Petitioner cannot obtain relief in a second or successive § 2255 motion to vacate because Simmons is not a new rule of

---

[2] In Wheeler, the Fourth Circuit declined to decide whether an erroneous sentence above the statutory maximum is a fundamental defect for purposes of the savings clause because those facts were not before it in that case. Id. at 433 n.11.

[3] The Court concludes that it has venue over this § 2241 petition. Although Petitioner is presently incarcerated at USP Beaumont in Beaumont, Texas, the Government has failed to object to venue and the Court therefore deems the issue to be waived. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43, 434 n.7 (2004) ("jurisdiction" in the context of § 2241(a) traditionally lies in the district of confinement, but is distinct from subject-matter jurisdiction); Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (§ 2241(a) refers to either venue or personal jurisdiction, both of which are subject to waiver).

[4] See Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013) ("Simmons announced a new substantive rule that is retroactive on collateral review….").

constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h)(2). Fourth, Petitioner's enhanced mandatory life sentence is sufficiently grave to be deemed a fundamental defect. See Lester, 909 F.3d at 712 (misclassification as a career offender under pre-Booker[5] guidelines which increased prisoner's mandatory minimum sentence is an error sufficiently grave to be deemed a fundamental defect). Section 2255 is therefore inadequate or ineffective to address the alleged fundamental sentencing error and that error is thus cognizable under the § 2241 pursuant to § 2255(e)'s savings clause. Wheeler, 886 F.3d 415.

The Government also correctly concedes that Petitioner did not qualify for an enhanced mandatory life sentence in Count (4) pursuant to 18 U.S.C. § 3559(c) because Petitioner "could not have been sentenced for more than one year, let alone at least 10 years," for his North Carolina breaking and entering convictions. (Doc. No. 36 at 5). Therefore, these North Carolina convictions are not "serious violent felonies" pursuant to Simmons and Petitioner does not qualify for a mandatory life sentence. Without the § 3559(c) enhancement, Petitioner would have faced a mandatory minimum sentence of 60 months' imprisonment for his § 924(c) violation in Count (4).

With regards to Count (5), the Government correctly concedes that Petitioner was sentenced with an ACCA enhancement based on North Carolina prior convictions that do not support enhanced sentencing, resulting in a mandatory 360-month sentence that exceeds the statutory maximum of 120 months. The Court finds that Petitioner satisfies the first three Wheeler prongs because the sentence was correct at the time, settled law subsequently changed, and Petitioner cannot satisfy § 2255(h). With regards to the fourth Wheeler prong, the Court rejects the Government's argument that Petitioner's ACCA sentence is not a fundamental defect. An

---

[5] United States v. Booker, 543 U.S. 220, 245 (2005) (making the sentencing guidelines purely advisory).

"increase in the congressionally mandated sentencing floor implicates separation of powers principles and due process rights fundamental to our justice system." Id., 886 F.3d at 430; see also United States v. Newbold, 791 F.3d 455, 460 n.6 (4th Cir. 2015) (erroneous ACCA designation on a § 922(g) offense that raised defendant's statutory maximum to 15 years was a fundamental defect). Further, an erroneous enhancement that exceeds the statutory maximum is a fundamental defect even if a defendant could have received the same overall sentence without the error because the defendant has been denied due process. Wheeler, 886 F.3d at 431-32. The Government's reliance on the concurrent sentence doctrine is misplaced because that doctrine only applies "where the challenged sentence runs concurrently with a valid sentence of an equal or greater duration." United States v. Charles, 2019 WL 3366644 at *5 (4th Cir. July 26, 2019). None of the other counts of conviction carries a sentence equal to or greater than 360 months. The Court therefore finds that the 360-month ACCA sentence in Count (5) that exceeds the statutory maximum is a fundamental sentencing defect that warrants § 2241 review. Petitioner's § 2241 claim is meritorious because Petitioner does not have three qualifying prior convictions to support the ACCA enhancement in Count (5).

Now that the Court has determined that § 2241 relief is warranted the remaining question is what relief should be granted. Sections 2255 and 2241 afford federal prisoners remedies that are "identical in scope…." Davis v. United States, 417 U.S. 333, 343 (1974). A district court has broad and flexible power to fashion an appropriate remedy in granting relief on collateral review. United States v. Williams, 740 Fed. Appx. 794, 795 (4th Cir. 2018) (citing United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997)). A district court is authorized to take one of four distinct courses in remedying a successful § 2255 petitioner's unlawful sentence: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "resentence [the prisoner]," or (4) "correct the

[prisoner's] sentence." "[C]orrect" and "resentence" [in] § 2255 refers to different concepts. See Cunningham v. Scibana, 259 F.3d 303, 308 (4th Cir. 2001) ("The use of different terms within related statutes generally implies that different meanings were intended." (quoting 2A Norman J. Singer, Statutes and Statutory Construction § 46.06, at 194 (6th ed.2000))). "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." United States v. Hadden, 475 F.3d 652, 665 (4th Cir. 2007) (internal quotation marks omitted).

The Fourth Circuit has adopted the sentence package doctrine which embraces a holistic approach when sentencing a defendant convicted of multiple offenses. The Fourth Circuit has acknowledged that "when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan," and that if some of the counts are vacated, "the judge should be free to review the efficacy of what remains in light of the original plan." Id. at 309 (quoting United States v. Townsend, 178 F.3d 558, 567 (D.C. Cir. 1999)). When an "*appellate court* vacates and remands a prisoner's sentence because of a sentencing error, the district court may not simply re-enter the non-offending portions of the original sentence, but must conduct a new resentencing hearing to reformulate the entire sentencing package." Hadden, 475 F.3d at 669 (emphasis added); see United States v. Ventura, 864 F.3d 301 (4th Cir. 2017) (when a court of appeals "vacate[s] a sentence and remand[s] for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing."); see also United States v. Bermudez, 82 F.3d 548, 550 (2d Cir. 1996) ("[A] sentencing judge could, on remand, increase the sentence on a specific count where the original sentence was imposed as part of a package that included a mandatory consecutive sentence which was subsequently found to be invalid.")

(internal quotation marks omitted)). Where a *district court* itself strikes a sentence and reenters the remaining sentence indicating that it is satisfied with the resulting sentence, it is within the district court's broad and flexible power to determine the nature and scope of the remedial proceedings in the first instance and "nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: 'correct[ing]' a prisoner's unlawful sentence without conducting a formal 'resentenc[ing].'" Hadden, 475 F.3d at 669. A "downward correction of an illegal sentence does not constitute resentencing requiring the presence of a defendant." United States v. Erwin, 277 F.3d 727, 731 (5th Cir. 2001). The "new" sentence may be the same as the original sentence. United States v. Groves, 592 Fed. Appx. 145, 147 (4th Cir. 2014) (citing Hadden, 475 F.3d at 661 n. 9).

The Court chooses to exercise its discretion in this case and resentence Petitioner. Petitioner's sentence will be vacated and he will be resentenced at the Court's earliest convenience.

### III. CONCLUSION

For the foregoing reasons, Petitioner is granted relief pursuant to 28 U.S.C. §§ 2255(e) and 2241, and his remaining grounds for relief are denied. Petitioner's sentence will be vacated and he will be resentenced at a date yet to be determined.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255; Alternative Petition for Relief Under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela*, (Doc. No. 3), is **GRANTED** in part and **DENIED** in part in accordance with this Order.

2. Petitioner's sentence is **VACATED**.

3. Petitioner shall be resentenced in accordance with this Order.

4. The Clerk is directed to certify copies of this Order to the Petitioner, counsel for the Petitioner, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: September 9, 2019

Robert J. Conrad, Jr.
United States District Judge